**IN UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SHARITA MEDINA AND JOHN WILLIAMS**, individually and on behalf of all others similarly situated**,** | ) |
| **Plaintiffs,** | ) Case No. 1:24-cv-13081 |
| **v.** | ) Removal from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Case No. 2024LA00000830 |
| **ABBOTT LABORATORIES EMPLOYEES CREDIT UNION,** | ) |
| **Defendant.** | |

**DEFENDANT ABBOTT LABORATORIES EMPLOYEES CREDIT UNION'S**
**NOTICE OF REMOVAL**

Defendant Abbott Laboratories Employees Credit Union ("ALEC"), pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act of 2005 or "CAFA"), 1441, and 1446, hereby files this Notice of Removal of this action from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois to the United States District Court for the Northern District of Illinois, and in support thereof states as follows:

## I. STATEMENT OF JURISDICTION

This Court has jurisdiction over Sharita Medina and John Williams' ("Plaintiffs") claims pursuant to CAFA, which amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if: (1) the proposed class consists of at least 100 members; (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (3) one member of the proposed class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions pursuant to 28 U.S.C. §§ 1441(a) and 1446. As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

## II. PLEADINGS, PROCESS, AND ORDERS

Plaintiffs commenced a civil action styled *Sharita Medina and John Williams, individually and on behalf of all other similarly situated v. Abbott Laboratories Employee Credit Union* in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, by filing a Class Action Complaint on November 4, 2024, Case No. 2024LA00000830 (the "State Court Action").

The Summons and a copy of Plaintiffs' Complaint were served on ALEC on November 20, 2024. Copies of all pleadings and other papers filed in the State Court Action are attached to this Notice as **Exhibit A**. ALEC is informed and believes that the aforementioned documents and exhibits include all of the process, pleadings and orders on file in the State Court Action. *See* 28 U.S.C. § 1446(a).

As set forth in the Complaint, Plaintiffs bring claims for negligence, breach of implied contract, unjust enrichment, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, *et seq*. based on a data incident involving ALEC's network on or around August 2, 2024 (the "Incident"). (Compl. ¶¶ 3, 78-118.)

In addition to their individual claims, Plaintiffs purport to represent a class of "All persons whose PII was accessed by and disclosed to unauthorized persons in the Data Breach, including all who were sent a notice of the Data Breach." (Compl. ¶ 69.)

By filing this notice of removal, ALEC does not intend to waive, and hereby reserves, any objections as to venue, the legal sufficiency of claims alleged in the Complaint, and all other defenses. ALEC reserves the right to supplement and amend this notice of removal.

## III. JURISDICTION PURSUANT TO CLASS ACTION FAIRNESS ACT

Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a

class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2); (d)(6) (explaining claims may be aggregated).

Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to class actions in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more. *See* 28 U.S.C. § 1332(d)(5).

This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by ALEC pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity of citizenship between at least one proposed class member and the defendant.

Venue lies in the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 93(a), 1441, and 1446(a). This action was originally brought in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, which is located within the Northern District of Illinois. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### A. The Putative Class Contains At Least 100 Members

Plaintiffs brought this action on behalf of themselves and all others similarly situated as a class action pursuant to 735 ILCS 5/2-801, which authorizes an action to be brought by one or more representative persons as a class action. (Compl. ¶ 68.) Plaintiffs seek to represent a purported class of "All persons whose PII was accessed by and disclosed to unauthorized persons in the Data Breach, including all who were sent a notice of the Data Breach." (Compl. ¶ 69.) Plaintiffs allege that the Putative Class Members are "so numerous that joinder of each of the Class members in a single proceeding would be impracticable." (*Id.* ¶ 72.) More specifically, Plaintiffs allege the putative class consists of approximately 36,044 individuals. (*Id.*)

**B. There Is Diversity of Citizenship Between At Least One Proposed Class Member and ALEC.**

CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C §§ 1332(d)(2)(A); *Calchi v. TopCo Assocs., LLC*, 676 F. Supp. 3d 604, 609 (N.D. Ill. 2023) (explaining that CAFA "eliminated the requirement of complete diversity" and "permits removal of a proposed class action to federal court as long as there is minimal diversity"). Minimum diversity of citizenship exists here as ALEC is a citizen of Illinois and multiple members of the putative class are citizens of states other than Illinois.

Defendant's Citizenship. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Calchi v. TopCo Assocs., LLC*, 676 F. Supp. 3d 604, 610 (N.D. Ill. 2023). ALEC is incorporated in Illinois and has its principal place of business in Illinois. (Compl. ¶ 23.) Accordingly, ALEC is a citizen of Illinois.[1]

Minimal Diversity. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kitson v. Bank of Edwardsville*, No. CIV 06-528-GPM, 2006 WL 3392752, at *6 (S.D. Ill. Nov. 22, 2006). A person's domicile is the place where the person is physically present with the intent to remain there. *Kitson*, 2006 WL 3392752 at *6. Although "evidence of residence in Illinois is insufficient to prove domicile there, it nonetheless creates a rebuttable presumption of domicile in Illinois." *Id*.

[1] As to these and other factual representations contained in this Notice, ALEC reserves the right to present its evidentiary support should Plaintiffs challenge federal jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (noting that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

After it became aware of the data security incident, ALEC identified and notified the individuals whose PII was potentially compromised, including Plaintiffs. Such notices were provided by U.S. mail and addressed to ALEC's address of record for each individual. Based upon these addresses, the states of residence and presumptive domicile of the putative class members encompass Illinois and 43 other states, with approximately 57% of these individuals residing in Illinois and 43% residing outside of Illinois.

### C. The Mandatory Home State and Local Controversy Exceptions Do Not Apply, and the Discretionary Home State Exception Should Not Be Applied.

The mandatory "home state" and "local controversy" exceptions to CAFA do not apply because two-thirds or more of the members of the proposed class are not citizens of a single state (here, Illinois). 28 U.S.C. § 1332(d)(4)(A); § 1332(d)(4)(B). Greater than one-third but less than two-thirds of the members of the proposed class are citizens of a single state (Illinois), so CAFA does provide a discretionary "home state" exception governed by a six-factor test:

> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3). Courts have held that none of the above six factors is dispositive. *See*

*Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1224 (9th Cir. 2020).

Plaintiffs do meet the threshold numerical component of the discretionary "home state" exception. 28 U.S.C. § 1332(d)(3). But the circumstances presented here, coupled with the balance of the six-factor test, strongly militate in favor of the maintenance of jurisdiction by this Court. First, this case is the fourth of six putative class actions against ALEC arising out of the same data incident, four of which were filed pursuant to CAFA in federal court and two of which were filed in state court in Lake County, one of which (*Thompson*) has since been removed to this Court:[2]

| No. | Case Caption and Filing Date |
|---|---|
| 1 | *Laura Bogdan and Marissa Foresta, on behalf of themselves and all others similarly situated v. Abbott Laboratories Employees Credit Union*, Case No. 1:24-cv-10930 (U.S. District Court for the Northern District of Illinois) (filed October 23, 2024) |
| 2 | *Lloyd Garcia and Karla Garcia, on behalf of themselves and all others similarly situated v. Abbott Laboratories Employees Credit Union*, Case No. 1:24-cv-10973 (U.S. District Court for the Northern District of Illinois) (filed October 24, 2024) |
| 3 | *Lakeena Thompson, individually and on behalf of all others similarly situated v. Abbott Laboratories Employees Credit Union*, Case No. 2024-LA-814 (Circuit Court, 19th Judicial Circuit, Lake County, Illinois) (filed October 30, 2024) (removed to the U.S. District Court for the Northern District of Illinois on November 27, 2024, Case No. 1:24-cv-12283) |
| 4 | *Sharita Medina and John Williams, individually and on behalf of all others similarly situated v. Abbott Laboratories Employees Credit Union*, Case No. 2024-LA-830 (Circuit Court, 19th Judicial Circuit, Lake County, Illinois) (filed November 4, 2024) |
| 5 | *Sonia J. Perez, individually and on behalf of all others similarly situated v. Abbott Laboratories Employees Credit Union d/b/a ALEC*, Case No. 1:24-cv-11569 (U.S. District Court for the Northern District of Illinois) (filed November 10, 2024) |
| 6 | *Kelly Monastiriakos, individually and on behalf of all others similarly situated v. Abbott Laboratories Employees Credit Union d/b/a ALEC*, Case No. 1:24-cv-11823 (U.S. District Court for the Northern District of Illinois) (filed November 18, 2024) |

[2] The pleadings in numbers 1, 2, 3, 5, and 6 are a matter of public record. ALEC reserves the right to add these materials to the record in this case if needed.

First, these cases clearly need to be consolidated in the same court. The appropriate court is federal court if for no other reason than the majority of individuals who have sued ALEC to date have already filed suit here.

Second, showing the national and interstate character of this matter, members of the putative class reside in 43 states outside Illinois, and their attorneys of record in the cases tabulated above, each citing their class action expertise in the data privacy field, have law offices in Arkansas, Florida, Illinois, Minnesota, New York, Texas, and Washington, D.C.

Third, the putative class is broadly defined to include residents of the entire United States and would necessarily encompass the applicable tort and contract law of dozens of jurisdictions in the United States.

As such, under these discretionary factors, the Court should not apply any "home state" exception but instead should continue to maintain its jurisdiction under CAFA. The discretionary home state exception is not a loophole for plaintiffs to use to keep actions in state court. As stated by the Fifth Circuit, "Congress crafted CAFA to exclude only a *narrow* category of truly localized controversies, and § 1332(d)(3) provides a discretionary vehicle for district courts to ferret out the 'controversy that uniquely affects a particular locality to the exclusion of all others.'" *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 812 (5th Cir. 2007) (emphasis added) (holding that the discretionary home state exception applied when citizens of Louisiana, committed acts in Louisiana causing injuries and deaths to patients hospitalized in New Orleans when Hurricane Katrina made landfall.)

The interests of justice and totality of the circumstances also favor continuation of this action in the United States District Court for the Northern District of Illinois.

**D. The Alleged Amount in Controversy Exceeds $5,000,000**

Under CAFA, the articulated claims of all class members are aggregated to determine if

the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Staff of S. Comm. on the Judiciary, 109th Cong., *Rep. on The Class Action Fairness Act of 2005*, 42 (Comm. Print 2005). The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

"Removal is proper if the defendant's estimate of the stakes is *plausible*." *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) (emphasis added). The Seventh Circuit has held that "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("We have acknowledged the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims."). The removing party's burden "is a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).

ALEC denies Plaintiffs' allegations of liability, fault, or other wrongdoing and that Plaintiffs have suffered any cognizable harm. ALEC intends to vigorously defend against all of Plaintiffs' causes of action. Nevertheless, without admitting that Plaintiffs or any member of the putative class can recover any damages, when one considers the number of alleged Putative Class

Members and the causes of action cited, the aggregate amount in controversy presented by this case exceeds $5,000,000.[3]

The allegations set forth in the Complaint demonstrate that the amount in controversy exceeds $5,000,000. The Complaint alleges, "Plaintiffs and Class members will suffer indefinitely from the substantial and concrete risk that their identities will be (or already have been) stolen and misappropriated." (Compl. ¶ 51; *see also* ¶ 67 ("Plaintiffs and all other Class members have suffered injury and damages, including, but not limited to . . . future costs in terms of time, effort, and money that will be required to prevent, detect, and repair[.]"). Further, Plaintiffs claim that they and class members have suffered a loss of value of their PII. (Compl. ¶ 22). Plaintiffs cite published authority indicating that one of the appropriate methodologies for valuation of personal data placed at risk is to analyze how much an individual would be willing to pay to protect personal data in the form of insurance. (Compl. ¶ 54 n. 50; Organization for Economic Co-operation and Development, *Exploring the Economics of Personal Data: A Survey of Methodologies for Measuring Monetary Value*, OECD ILIBRARY (Apr. 2, 2013) at 5). In the cited study, the cost of typical identity theft protection was reported as $155 per year per individual. (*Id*.) Here, for 36,000 potential class members, $140 of amount of controversy per member would suffice to exceed the $5,000,000 threshold. As such, the $155 annual identity theft protection figure alone would exceed $5,000,000 when multiplied by 36,000. Multi-year insurance amounts plus other elements of the damages claimed and relief sought in the Complaint would make the amount in controversy here even larger. According, it is plausible to conclude that the amount in controversy exceeds

[3] Defendant provides these calculations solely to demonstrate that the amount in controversy exceeds the jurisdictional minimum. Defendant makes no admission of any liability or damages with respect to any aspect of this case. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'").

$5,000,000.

## IV. TIMELINESS OF REMOVAL

This action has not previously been removed to federal court.

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." ALEC has filed this Notice of Removal within 30 days of November 20, 2024, the date on which Plaintiffs served ALEC.

## V. NOTICE TO PLAINTIFFS

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiffs' counsel and filed with the Circuit Court of 19th Judicial Circuit Lake County, Illinois.

**WHEREFORE**, for all of the foregoing reasons, ALEC hereby removes the State Court Action now pending in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

POLSINELLI PC

*/s/ Dmitry Shifrin*

Dmitry Shifrin, IL Bar # 6279415
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910
DShifrin@Polsinelli.com

John C. Cleary, N.D. IL Bar # 90784901
600 Third Avenue, 42nd Floor
New York, New York 10016

Telephone: (212) 413-2837
Facsimile: (212) 684-0197
john.cleary@polsinelli.com

Shundra C. Manning (*pro hac vice forthcoming*)
501 Commerce Street, Suite 1300
Nashville, TN 37203
Telephone: (615) 259-1567
Facsimile: (615) 259-1573
scmanning@polsinelli.com

**ATTORNEYS FOR DEFENDANT ABBOTT LABORATORIES EMPLOYEES CREDIT UNION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on December 19, 2024. Notice of this filing will be sent to the following parties by electronic mail. Parties may access this filing through the Court's electronic filing system.

Ben Barnow
Anthony L. Parkhill
Riley W. Prince
Nicholas W. Blue
BARNOW AND ASSOCIATES, P.C.
205 West Randolph Street, Suite 1630
Chicago, IL 60606
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com
rprince@barnowlaw.com
nblue@barnowlaw.com

**Attorneys for Plaintiffs**

*<u>/s/ Dmitry Shifrin</u>*
Attorney for Defendant
Abbott Laboratories Employees Credit Union